UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DENARES GORDON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:17-cv-12398-IT |
| | * | |
| STEPHEN SPAULDING, Warden, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

March 28, 2019

TALWANI, D.J.

I. Introduction

Petitioner John Denares Gordon, who is currently incarcerated at Federal Medical Center ("FMC") Devens in Ayer, Massachusetts, filed this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] challenging a life sentence imposed in the Eastern District of Michigan. Presently at issue is Respondent's Amended Motion to Dismiss ("Resp. Am. Mot. Dismiss") [#14]. For the reasons set forth below, Respondent's motion is ALLOWED and the Petition is DISMISSED without prejudice.

II. Background

In 1995, Petitioner and 18 other codefendants were indicted in the Eastern District of Michigan. Second Superseding Indictment, United States v. Brown et al., No. 2:92-cr-81127-AC-33 (E.D. Mich. Feb. 21, 1995), Dkt. 882; see Petitioner's Memo in Support of § 2241 Petition ("Pet. Mem."), Ex. A ("Relevant Pages of Superseding Indictment") [#2-1]. A jury convicted Petitioner of: conspiracy to possess cocaine with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; aiding and abetting an intentional

1

killing, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and using or carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Brown, No. 2:92-cr-81127-AC-33 at Dkt. 1243. Petitioner was sentenced to life in prison, plus five years. Id. at Dkt. 1343; see also Resp. Am. Mot. Dismiss, Ex. 2 ("Sixth Circuit Order") [#14-2]. On direct appeal, the Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Polk, 182 F.3d 919 (6th Cir. 1999); see Resp. Am. Mot. Dismiss 2 [#14].

Gordon has since filed multiple post-conviction motions under 28 U.S.C. § 2255 in the Eastern District of Michigan. See Corrected Petition, 3, In re John Gordon, No. 17-1118 (6th Cir. 2017), Dkt. 1 (listing prior proceedings); see Resp. Am. Mot. Dismiss, Ex. 1 ("Docket from Sixth Circuit Court of Appeals") [#14-1]. On September 5, 2017, Petitioner's most recent motion for authorization to file a second or successive section 2255 petition was denied by the Sixth Circuit. In re John Gordon, No. 17-1118 (6th Cir. 2017), Dkt. 8; see Docket from Sixth Circuit Court of Appeals [#14-1].

Petitioner subsequently filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. His Petition makes several arguments attacking the invalidity of his sentence. First, Petitioner argues that the "imposition of his life sentence is unlawful and contravenes with" the Supreme Court's ruling in Miller v. Alabama, 567 U.S. 460 (2012), made retroactive by Montgomery v. Louisiana, 136 S.Ct. 718 (2016). Pet. Mem. 19 [#2]. Petitioner's second argument is that recent developments in case law, such as Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), permit him to challenge the sentence he received for his conviction under 21 U.S.C. § 841(b)(1). See Pet. Mem. 10-11 [#2]. Third, Petitioner argues that the increase in the calculation of his guideline sentencing range based on his career criminal enhancement resulted in a higher range, and higher sentence, than he might

2

otherwise have received. Pet. Mem. 12. [#2]. He argues that the Supreme Court's ruling in Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), affords him the possibility of arguing that the court misapplied the guideline range and that "there is a reasonable probability that the district court may have imposed a lower sentence." Pet. Mem. 15 [#2]. Finally, Petitioner argues that his conviction violates the Fifth and Eight Amendments because the conspiracy was not charged, and, even if it were charged, it occurred when Petitioner was 15 years old, and therefore, it cannot support a life sentence under Miller. Pet. Mem. 22 [#2].

While the present case was pending, the Sixth Circuit *sua sponte* reconsidered Petitioner's 28 U.S.C. § 2255(h) motion. See Order on Second or Successive Petition, In re John Gordon, No. 17-1118 (6th Cir. Sep. 5, 2017), Dkt. 10; see also Sixth Circuit Order [#14-2]. The Sixth Circuit noted that Petitioner had argued in his motion that he was entitled to relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S.Ct. 718 (2016), because he had been sentenced to mandatory life without parole based on crimes he had committed as a juvenile. Id. One of Petitioner's co-defendants had made the exact same argument, and had been granted leave to proceed. Id. In light of the conflicting orders, on reconsideration, the Sixth Circuit granted Petitioner leave to proceed under section 2255(h). Id. Petitioner has now filed such a habeas petition in the Eastern District of Michigan. See United States v. Brown, et al., 2:92-cr-81127-AC-33 (E.D. Mich. Nov. 6, 2018), Dkt. 2337.

On May 1, 2018, Respondent filed an Amended Motion to Dismiss [#14] in this action, which Petitioner has opposed.

Briefing in connection with Petitioner's section 2255 petition in the Eastern District of Michigan is ongoing. See Order Regarding Briefing Schedule, U.S. v. Brown, et al., 2:92-cr-81127-AC-33 (E.D. Mich. Jan 14, 2019) (Cohn, J.), Dkt. 2350.

III.   Analysis

Respondent argues that this court does not have jurisdiction to consider Petitioner's petition because the Sixth Circuit Court of Appeals has already allowed him to file a further petition in the sentencing court, and because Petitioner's filing attempts to circumvent "the strict limitations placed on the filing of successive petitions under 28 U.S.C. § 2255." Resp. Am. Mot. Dismiss 3 [#14]. In the alternative, Respondent alleges that Petitioner's filing is untimely because it seeks relief under cases decided over a year ago. Id. at 7.[1]

A petitioner may collaterally challenge the length of his sentence under 28 U.S.C. § 2255. Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); 18 U.S.C. § 2255(a) (listing grounds). Recourse to proceedings under section 2255 is limited by constraints imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which among other things, requires a federal prisoner who seeks to prosecute a second or successive section 2255 petition to obtain pre-clearance from the court of appeals. 28 U.S.C. § 2255(h).

Petitioner brought his petition under 28 U.S.C. § 2241, rather than section 2255. But "[a] close analysis of the substance of the petition in this case leaves no doubt but that, regardless of

---

[1] Respondent also disputes the merits of Petitioner's claims. Specifically, Respondent asserts that Petitioner was not a juvenile offender because Petitioner's involvement in the conspiracy for which he was sentenced began after Petitioner turned 18 years old. See Resp. Am. Mot. Dismiss 9 [#14]. Respondent also disputes the accuracy of the Petitioner's arguments regarding the timing of the retroactivity of Miller, asserting that it is retroactive from the "date when an asserted right is initially recognized by the Court, not when the Court makes the right retroactively applicable." Id. at 8.Because the court resolves this Motion on jurisdictional grounds, the court does not address the merits of Petitioner's claims or Respondent's responses.

its label, the petition falls within the compass" of section 2255. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). Despite Petitioner's assertions to the contrary, his claims all seek to attack the length of his sentence. He does not seek to attack the conditions of his confinement or "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions." Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (internal citations and quotation marks omitted).

A challenge under section 2255 must be made to the sentencing court. Trenkler, 536 F.3d 85, 97–98 (1st Cir. 2008); 28 U.S.C. § 2255(a) (a prisoner "may move the court which imposed the sentence [ . . . ]"). Because Petitioner was convicted in the Eastern District of Michigan, this court does not have jurisdiction under section 2255 to hear the petition or to revise the sentence imposed.

Petitioner argues that he can bring his challenge to his sentence under the "savings clause" in 28 U.S.C. § 2255(e). Section 2255(e) provides that a petition by a prisoner who may apply for relief under section 2255 but has failed to do so or who has been denied relief may not be entertained unless it appears that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Courts have allowed recourse to this savings clause in "rare and exceptional circumstance[s], such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a complete miscarriage of justice." Trenkler, 536 F.3d at 99 (internal citation omitted). Given that his petition is now being considered by the sentencing court, Petitioner cannot demonstrate that section 2255 is "inadequate or ineffective."

Petitioner argues that, although the Sixth Circuit agreed that his Eighth Amendment claim must be addressed, there is "no order instructing the sentencing court to consider the other

5

claims" set forth in his section 2241 petition. Petitioner's Reply to Resp. Am. Mot. Dismiss 2 [#17]. But Petitioner points to no authority allowing him to challenge his sentence under section 2241 when he has a pending petition under section 2255. Accordingly, this court does not have jurisdiction to hear Petitioner's claim, and this case is dismissed.

IV.     Conclusion

For the foregoing reasons, the Respondent's Amended Motion to Dismiss [#14] is ALLOWED. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] is DISMISSED without prejudice.

IT IS SO ORDERED.

Date: March 28, 2019                                /s/ Indira Talwani
                                                    United States District Judge